UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ALEXIS TRACEY SHOULBERG,

                Appellant,              **MEMORANDUM & ORDER**
                                                                  17-CV-4680 (MKB)

                v.

AMERICAN SOCIETY FOR THE PREVENTION
OF CRUELTY TO ANIMALS,

                Appellee.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Appellant Alexis Tracey Shoulberg, proceeding *pro se*, filed this appeal on August 9, 2017, arising from a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (Notice of Appeal, Docket Entry No. 1.) Appellant filed for Chapter 7 bankruptcy on April 26, 2017 (the "Bankruptcy Proceeding"), naming Appellee, the American Society for the Prevention of Cruelty to Animals (the "ASPCA") as a creditor. *See In re Alexis Tracey Shoulberg*, No. 1-17-BK-42057 (Bankr. E.D.N.Y. filed April 26, 2017). During the Bankruptcy Proceeding, Appellee filed a motion seeking relief from the automatic stay pursuant to Bankruptcy Code Section 362 (the "Lift Stay Motion"), allowing it to pursue a security post ("Bond Action") in a previously filed related criminal proceeding.[1] (Order Granting in Part Mot. for Relief from the Automatic Stay ("Bankruptcy Court's Order"), annexed to Notice of Appeal, Docket Entry No. 1-4.) On July 25, 2017, the Honorable Elizabeth

---

[1] Appellant notified the Court on July 6, 2018 of the dismissal of the criminal proceeding. (Appellant Letter dated July 6, 2018, Docket Entry No. 35; *see also* Appellee Letter dated July 17, 2018, Docket Entry No. 37.)

S. Strong granted in part and denied in part Appellee's Lift Stay Motion. (Bankruptcy Court's Order 4.) Appellant appeals from the Bankruptcy Court's Order lifting the stay and permitting the Appellee to pursue its rights in the criminal proceeding and Bond Action. Appellee moves to dismiss the appeal for failure to comply with the orders of this Court and the Federal Rules of Bankruptcy Procedure, and because the appeal is moot. (Appellee Mot. to Dismiss, Docket Entry No. 13; Appellee Mem. in Supp. of Appellee Mot. ("Appellee Mem.") ¶ 4, Docket Entry No. 14.) For the reasons set forth below, the Court dismisses the appeal.

## I. Background

### a. Factual background

This dispute concerns the ownership of five Yorkshire Terriers (the "Dogs"). (*See generally* Appellant Am. Opp'n. ("Am. Opp'n."), Docket Entry No. 32.) Appellant left the Dogs in the care of a friend on July 5, 2016. (*Id*. ¶ 8.) On July 11, 2016, the ASPCA employees impounded the Dogs and brought them to the ASPCA. (Appellant Letter dated Dec. 25, 2017 ("Appellate Br.") ¶¶ 6–9, Docket Entry No. 18; Transmittal of Additional R. on Appeal ("Record") 104,[2] Docket Entry No. 20.) The Dogs showed signs of mistreatment, including symptoms of long term inadequate nutrition. (*Id*.)

On July 22, 2016, Appellant was arrested and charged with five counts of violating section 353 of New York's Agriculture and Markets Law ("AML"), entitled "Overdriving, torturing and injuring animals; failure to provide proper sustenance." *See The People of the State of New York v. Alexis Shoulman*, No. 2016-KN-050687 (the "Criminal Proceeding"). Appellant denies abusing the Dogs and pleaded not guilty at her September 13, 2016 arraignment in the

---

[2] Because the pages of the Bankruptcy Record are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

Criminal Court of the State of New York, County of Kings (the "Criminal Court"). (Appellate Br. ¶ 7; Record 88.)

On October 31, 2016, in the same court, Appellee initiated an action for a security posting, pursuant to AML section 373(6), requesting a hearing to determine whether Appellant should be required to post bond to cover Appellee's costs incurred while caring for the Dogs during the pendency of the Criminal Proceeding. *American Society for the Prevention of Cruelty (ASPCA) v. Alexis Shoulman*, No. 2016-KN-050687. On April 20, 2017, the Criminal Court ordered Appellant to post a bond in the amount of $32,398.66 by April 27, 2017[3] or risk immediate forfeiture of the Dogs to Appellee. (*See* Dec. and Order of Criminal Ct., annexed to Appellate Br. 20 as Exhibit E, Docket Entry No. 18-1.) One day prior to this deadline, on April 26, 2017, Appellant filed for Chapter 7 bankruptcy, naming Appellee as a creditor. (Bankruptcy Court's Order 1.) Upon Appellant's initiation of the Bankruptcy Proceeding, the Bond Action was automatically stayed pending discharge of Appellant or dismissal of the Bankruptcy Proceeding. (*Id*. at 1–2.)

On June 27, 2017, Appellee filed the Lift Stay Motion, seeking an order permitting it to proceed with the Bond Action, among other relief. (*Id.* at 4.) Appellant, represented by counsel in the Bankruptcy Proceeding, opposed the Lift Stay Motion. (*Id*. at 2.) The Bankruptcy Court held a hearing on the Lift Stay Motion on July 19, 2017. (*Id*.) On July 25, 2017, the Bankruptcy Court granted Appellee's motion in part, authorizing Appellee to "pursue its rights under the

---

[3] The Criminal Court decision states that the bond will be set at $9,000, unless the ASPCA submits an affidavit related to the expenses paid for the Dogs, in which case the bond would increase to $32,398.66, the cost incurred to that date of caring for the Dogs. (*See* Dec. and Order of Criminal Ct., annexed to Appellate Br. 20 as Exhibit E, Docket Entry No. 18-1.) The ASPCA subsequently filed the required affidavit. (Appellant Letter dated Dec. 25, 2017 ("Appellate Br.") ¶ 4, Docket Entry No. 18; Record 90–91.)

applicable law with respect to [Appellant] and the [Dogs], including in the [Bond Action] and [Criminal Proceeding]." (*Id*. at 4.) In arriving at this decision, the Bankruptcy Court weighed a number of equitable factors including whether relief would result in partial or complete resolution of the issues, the impact of the stay on the parties, and the balance of the harms. (*Id*. (citing *Sonnax Indus., v. Tri Component Products Corp.*, 907 F.2d 1280, 1286 (2d Cir. 1990)).) Appellant has not sought a stay of the Bankruptcy Court's Order pending resolution of this appeal. *See generally In re Alexis Tracey Shoulberg*, No. 1-17-BK-42057.

Subsequent to the issuance of the Bankruptcy Court's Order, Appellant failed to pay the $32,398.66 bond, resulting in the transfer of title to the Dogs to Appellee. (Appellee Mem. ¶ 3.) Appellee claims to have since found new owners to adopt each of the surviving Dogs.[4] (*Id*.)

### b. Procedural history

Appellant filed this action on August 8, 2017, challenging the Bankruptcy Court's Order lifting the stay of the Bond Action and Criminal Proceeding. (Notice of Appeal.) On August 10, 2017, the Court directed the parties to "file with the Bankruptcy Clerk their designations of items to be included in the record and statement of issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8009," ("Designation and Statement"). (Notice dated Aug. 10, 2017.) Appellant failed to timely file these documents.

Rule 8018 of the Federal Rules of Bankruptcy Procedure required Appellant to file an appellate brief within thirty days of the docketing of the notice of appeal. Fed. R. Bankr. P. 8018(a)(4). On September 6, 2017, Appellant filed a motion for extension of time to file her

---

[4] One of the Dogs passed away while in Appellee's custody. (Appellate Br. ¶ 2; Record 230.)

4

appeal.[5] (Motion for Extension of Time to File Appeal, Docket Entry No. 3.) The Court granted this motion as well as Appellant's five subsequent motions for extensions of time. (*See* Orders dated Sept. 14, 2017; Sept. 28, 2017; Oct. 20, 2017; Nov. 07, 2017; Nov. 17, 2017; Dec. 7, 2017; Dec. 21, 2017.) In its final extension, the Court set a deadline of January 4, 2018 for Appellant to file her appeal. (Order of Dec. 21, 2017.) On December 25, 2017, Appellant filed her appellate brief. (Appellate Br.)

On December 4, 2017, Appellee moved to dismiss the appeal as moot and for failure to comply with the orders of this Court and the Federal Rules of Bankruptcy Procedure. (Appellee Mot.; Appellee Mem.) Appellant opposed the motion by filing an opposition on January 30, 2018, and a subsequent "amended opposition," and several letters. (*See* Am. Opp'n; Appellant Letter dated July 6, 2018, Docket Entry No. 34; Appellant Letter dated July 20, 2018, Docket Entry No. 39.)

On January 11, 2018 Appellant filed a submission titled "Transmittal of Additional Record on Appeal," containing nearly three-hundred pages of unidentified documents which appear to have been filed in the Bankruptcy Proceeding. (*See* Transmittal of Additional Record on Appeal.) Subsequently, on January 30, 2018, Appellant filed her designation of items to be included in the record on appeal. (Designation of Items to be Included in Record, Docket Entry No. 26.) This document, filed twenty-six days after the extended deadline provided by the Court, (*see* Order of Dec. 21, 2017), lists nine docket entries from the Bankruptcy Proceeding and does not appear to have been filed with the Bankruptcy Clerk as directed, (*see* Notice dated

---

[5] Appellant does not specify in her requests for extensions of time whether her anticipated filing, identified only as her "appeal," refers to the documents required by Rule 8009 of the Federal Rules of Bankruptcy Procedure or her appellate brief required by Rule 8018 of the Federal Rules of Bankruptcy Procedure.

5

Aug. 10, 2017). To date, Appellant has not filed the statement of issues required by Rule 8009 of the Federal Rules of Bankruptcy Procedure with the Bankruptcy Clerk. *See In re Alexis Tracey Shoulberg*, No. 1-17-BK-42057.

## II. Discussion

### a. Standard of review

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the legal conclusions of a bankruptcy court *de novo*, and its factual findings for clear error. *Wenegieme v. Macco*, No. 17-CV-1218, 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018) (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000)). "A finding is 'clearly erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bongiovanni v. Grubin*, No. 15-CV-2617, 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)). The district court need not limit its review to the arguments raised or relied upon in the decision below but may affirm on any ground that finds support in the record. *Wenegieme*, 2018 WL 334032, at *2 (citations omitted).

Bankruptcy appeals reviewed for equitable mootness "arise in a somewhat different procedural posture." *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 483 (2d Cir. 2012). "In an equitable mootness dismissal, the district court is not reviewing the bankruptcy court at all, but exercising its own discretion in the first instance. In so doing, the district court may rely on the bankruptcy court's factual findings, unless clearly erroneous, and if necessary receive additional evidence." *Id*.

### b. Failure to comply with the Federal Rules of Bankruptcy Procedure

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, a litigant appealing a decision of the bankruptcy court "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . . within [fourteen] days after . . . the appellant's notice of appeal as of right becomes effective under Rule 8002." Fed. R. Bankr. P. 8009.

The Second Circuit has held that "[f]iling a Designation and Statement is mandatory" and that a late filing should only be accepted if the appellant demonstrates that the "failure to act was the result of excusable neglect." *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005); *see also In re MF Glob. Holdings Ltd.*, No. 17-CV-167, 2017 WL 744603, at *1 (S.D.N.Y. Feb. 23, 2017). "Failure to follow the clear dictates of a court rule will generally not constitute excusable neglect." *In re Lynch*, 430 F.3d at 604 (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)). "[A] bankruptcy appeal cannot proceed without a Designation and Statement. If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end." *Id.* at 605.

In determining whether it is appropriate to dismiss a bankruptcy appeal for failure to perfect an appeal, "[c]ourts should also take into consideration whether counsel's behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *Harris v. Albany County Office*, 464 F.3d 263, 272 (2d Cir. 2006). This inquiry generally requires district courts "to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." *Id*.

Appellant's notice of appeal was docketed by the Bankruptcy Court on August 8, 2017. (Notice of Appeal). Therefore, by operation of Rule 8009 of the Federal Rules of Bankruptcy Procedure, Appellant's Designation and Statement were due by August 24, 2017. Assuming that Appellant's extensions of time to file her "appeal" apply to the deadline to file the Designation and Statement, Appellant nevertheless failed to submit these documents within the extension period provided by the Court. (*See* Order dated Dec. 21 2017.) Accordingly, Appellant has failed to comply with Rule 8009 and has not provided any basis, let alone demonstrated "excusable neglect," for her late submission of the Designation and failure to submit a Statement. *See In re Lynch*, 430 F.3d at 603. This alone is a sufficient basis for dismissal. *See In re Lynch*, 430 F.3d at 603. However, even assuming dismissal is not warranted under the circumstances, Appellant's challenge would fail for the reasons discussed below.

c. **Equitable mootness**

Appellee argues that the present appeal is moot because "Appellant neither sought nor obtained a stay of the Lift Stay Order," and pursuant to the Bond Action, title to the Dogs passed to Appellee who "fulfilled its mandate and arranged for the Dogs to be adopted. . . ." (Appellee Reply in Supp. of Appellee Mot. 1 ("Appellee Reply"), Docket Entry No. 33.) Appellant argues for the first time in her amended opposition filed April 4, 2018, that she was not required to move for a stay of the Bankruptcy Court's Order in light of her *pro se* status and because her "many submissions clearly are about a stay." (Am. Opp'n. 2.)

In bankruptcy cases, "[a]n appeal should . . . be dismissed as moot when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." *In re Charter Commc'ns, Inc.*, 691 F.3d at 481 (quoting *In re Chateaugay Corp.*, 988 F.2d at 325); *see also In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 143–44 (2d Cir.

2005). "Such a dismissal is appropriate when the appellant has made no effort to obtain a stay and has permitted such a comprehensive change of circumstances to occur as to render it inequitable for the appellate court to reach the merits of the appeal." *In re Chateaugay Corp.*, 988 F.2d at 325 (citing *In re Crystal Oil Co.*, 854 F.2d 79, 82 (5th Cir. 1988) (internal quotes and citations omitted)).

Whether an appeal is equitably moot is a threshold issue the court must resolve before considering the merits of an appellant's case. *In re Fiorano Tile Imports, Inc.*, 517 B.R. 409, 416 (E.D.N.Y. 2014), *aff'd*, 619 F. App'x 33 (2d Cir. 2015) (citing *In re Charter Commc'ns, Inc.*, 691 F.3d at 481). In assessing equitable mootness, the court must "carefully balance the importance of finality in bankruptcy proceedings against the appellant's right to review and relief." *In re Charter Commc'ns, Inc.*, 691 F.3d at 481 (citing *In re Chateaugay Corp.*, 988 F.2d 322, 325–26 (2d Cir. 1993); and then citing *Bank of N.Y. Trust Co., NA v. Official Unsecured Creditors' Comm.* (*In re Pac. Lumber Co.*), 584 F.3d 229, 240 (5th Cir. 2009)).

The Bankruptcy Court entered its Order on June 27, 2017, lifting the stay on the Bond Action and related Criminal Proceeding. (Bankruptcy Court's Order.) Since that date, Appellant has failed to file a motion to stay the Bankruptcy Court's Order pending resolution of this appeal as she was entitled to do pursuant Rule 8007. *See In re Alexis Tracey Shoulberg*, No. 1-17-BK-42057. Appellant subsequently failed to pay the bond, resulting in the transfer of the Dogs' title to Appellee. (Appellee Mem. ¶ 3.)

In appealing the Bankruptcy Court's Order, Appellant seeks to reinstate the stay on the Bond Action and, ultimately, obtain the return of the Dogs. (Am. Opp'n. 2; *see generally* Appellate Br.) However, Appellant made "no effort to obtain a stay" after the issuance of the Bankruptcy Court's Order, and there has been a resulting "comprehensive change of

circumstances" such that it is now inequitable, if not impossible, for the Court to provide the relief Appellant seeks. *See In re Chateaugay Corp.*, 988 F.2d at 325. The Bond Action presumably terminated upon Appellant's failure to pay the bond and the transfer of title to the Dogs to Appellee. As a result, even if the Court were to reverse the Bankruptcy Court's Order lifting the stay, it would not result in the outcome Appellant seeks — there is no longer a Bond Action to stay. *See In re Watkins,* No. 06-CV-1341, 2008 WL 708413, at *2 (E.D.N.Y. Mar. 14, 2008) (finding a bankruptcy appeal is "rendered moot if the appellate court is unable to grant any effective relief."). Moreover, it is clear that Appellant's primary motivation for contesting the lifting of the automatic stay is to obtain the return of the Dogs from Appellee. However, it is undisputed that Appellee no longer has possession, nor presumably title, to the Dogs which have been placed into new homes. (Appellee Reply 1.) Thus, even if relief could conceivably be fashioned, such relief would likely be inequitable because it would require removing the Dogs from their new owners. *See In re Watkins*, 2008 WL 708413, at *3 (finding appeal from bankruptcy order lifting automatic stay of state court eviction proceedings moot where those proceedings had subsequently terminated and the property at issue sold).

In light of the foregoing, Appellant's challenge to the Bankruptcy Court's lifting of the stay is moot, and the Court has no appellate jurisdiction to consider the merits of the Bankruptcy Court's Order. *See In re Charter Commc'ns, Inc*., 691 F.3d at 481.

### III. Conclusion

For the foregoing reasons, the Court dismisses the appeal. The clerk of court is directed to close this case.

SO ORDERED:

          s/ MKB          
MARGO K. BRODIE
United States District Judge

Dated: August 7, 2018
      Brooklyn, New York